**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMATADI LATHAM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-5131** |
| | : | |
| **BERNADETTE MASON,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **September 23, 2020**

An incarcerated man seeking habeas relief from a life imprisonment sentence arising from a jury's guilty verdict on several charges today argues his trial counsel provided ineffective assistance by failing to timely object to a 911 call at trial and the Commonwealth's failure to turn over a co-defendant's statement violated his constitutional rights.  Judge Caracappa extensively analyzed the prisoner's two claims for habeas relief.  Applying the Supreme Court's established standards in *Martinez v. Ryan* and *Brady v. Maryland*, Judge Caracappa found the two claims lack merit.  We studied Judge Caracappa's detailed report and find his ineffective assistance of counsel claim is procedurally defaulted and the default is not excused under *Martinez v. Ryan*. We further find, as did Judge Caracappa, the prisoner's *Brady* claim lacks merit as he failed to meet the *Brady* test.  We find no basis for a certificate of appealability. We adopt Judge Caracappa's Recommendation and dismiss the habeas petition.

**I.     Background**

Amatadi Latham and two other persons broke into the home of Robert and Janice Chae early on January 9, 2009, bound the Chaes and their children with duct tape, and stole thousands of dollars.[1]  Police responding the burglary found Mr. Chae's lifeless body in a large pool of blood.[2]  An autopsy confirmed Mr. Chae suffocated to death and had been hit many times with a

blunt instrument, stabbed with a knife, and punched in the face.[3] The police discovered and collected various items located near Mr. Chae's body, including a knife, duct tape, plastic restraining devices, and a portion of a black latex glove.[4]

Subsequent investigation led detectives to Mr. Chae's nephew, Angelo Shin.[5] Mr. Shin disclosed he lived in his uncle's home for over a year and enjoyed bragging to his friends about his uncle's wealth.[6] Mr. Shin admitted he helped plan a robbery of his uncle's home and provided the detectives with information about the other robbery participants, including Mr. Latham.[7] The detectives eventually interviewed three other participants who confirmed much of the information they already gathered.[8]

The Commonwealth charged Mr. Latham and his accomplices with the January 9, 2009 events at the Chae residence.[9] At trial, the Commonwealth presented testimony from additional witnesses who corroborated the participants' version of the events.[10] The Commonwealth further presented testimony of a DNA analyst who established the DNA evidence extracted from the crime scene tied Mr. Latham to the robbery.[11] Mr. Latham admitted to his involvement in the Chae home robbery.[12] On January 29, 2010, the jury found Mr. Latham guilty of second-degree murder, four counts of robbery, burglary, and two counts of criminal conspiracy.[13]

Mr. Latham's counsel moved for a mistrial, arguing the Commonwealth improperly introduced a recording of a 911 call from Mr. Chae's son that had not been transcribed (as required by court order) nor provided to defense counsel in advance of trial.[14] The trial court ordered counsel to prepare a proposed curative jury instruction but denied the request for a mistrial.[15]

The Honorable Thomas P. Rogers sentenced Mr. Latham to life imprisonment plus an aggregate consecutive sentence of thirty-two to sixty-four years' imprisonment.[16] Mr. Latham

appealed his judgment of sentence to the Pennsylvania Superior Court.[17] The Superior Court affirmed Judge Rogers' judgment of sentence on March 17, 2014.[18] The Pennsylvania Supreme Court denied Mr. Latham's petition for discretionary review on September 11, 2014.[19]

Mr. Latham timely *pro se* petitioned for collateral relief under the Post-Conviction Relief Act on January 12, 2015.[20] The Post-Conviction court appointed counsel to represent Mr. Latham, but the appointed counsel moved to withdraw on April 16, 2015 arguing the claims lacked merit.[21] The Post-Conviction court dismissed Mr. Latham's petition as meritless on September 2, 2016.[22] The Superior Court affirmed the Post-Conviction court's dismissal of his petition.[23] Mr. Latham did not seek review with the Pennsylvania Supreme Court.[24]

Mr. Latham then timely *pro se* petitioned for habeas relief claiming ineffective assistance for trial counsel's failure to timely object to the playing of a 911 call made from the Chae residence.[25] We referred Mr. Latham's petition to the Honorable Linda K. Caracappa for a Report and Recommendation.[26] Mr. Latham requested leave to amend his petition to allege the Commonwealth's failure to turn over a statement made by Mr. Latham's co-defendant implicating himself in the Chae home robbery violating *Brady v. Maryland*.[27] Judge Caracappa granted Mr. Latham leave to amend and accepted his amended petition.[28] The Commonwealth sought for dismissal of Mr. Latham's petition because (1) his ineffective assistance of counsel claim is procedurally defaulted and (2) the state courts reasonably found the alleged *Brady* violation to be meritless.[29]

## II. Judge Caracappa's Report and Recommendation to dismiss the habeas petition.

Judge Caracappa issued a detailed Report recommending we deny Mr. Latham's petition because (1) the ineffective assistance of counsel claim is procedurally defaulted, as Mr. Latham failed to previously raise the claim in state court and the default is not excused by *Martinez*;[30]

and (2) the *Brady* claim is meritless, as Mr. Latham failed to demonstrate each of the three prongs of the *Brady* rule.[31] Mr. Latham did not timely object to Judge Caracappa's Report and Recommendation. After careful review, we agree with Judge Caracappa's recommendation and deny Mr. Latham's habeas petition.

### A. Mr. Latham's ineffective assistance of counsel claim is procedurally defaulted.

Mr. Latham failed to raise his claim of ineffective assistance of trial counsel at any level in state court.[32] Mr. Latham concedes his ineffective assistance claim is procedurally defaulted[33] but argued we should excuse his default under *Martinez* because his Post-Conviction counsel ineffectively failed to raise the trial counsel's ineffectiveness in collateral proceedings.[34]

As Judge Caracappa correctly explains, the Supreme Court in *Martinez* recognized a "narrow exception" to the general rule attorney errors in collateral proceedings do not establish cause to excuse a procedural default.[35] Under *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[36] Our Court of Appeals instructs three conditions must be met to fall within this narrow exception: "(a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel; (b) in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard); and (c) the underlying claim of trial counsel ineffectiveness is 'substantial.'"[37]

Judge Caracappa thoroughly analyzed the third prong of this test – the underlying claim of trial counsel ineffectiveness – and found it meritless.[38] She correctly applied the Supreme Court's test in *Strickland v. Washington*[39] to determine whether trial counsel was ineffective in failing to object to the 911 recording.[40] Under *Strickland*, Mr. Latham must prove his trial counsel's (1) representation "fell below an objective standard of reasonableness" and (2)

4

performance "prejudiced the defense" by depriving Mr. Latham of a fair trial.[41] Judge Caracappa found Mr. Latham failed to demonstrate both *Strickland* elements.[42] We agree.

Judge Caracappa first found trial counsel's decision not to object during the playing of the 911 recording did not fall below an objective standard of reasonableness.[43] At the hearing on the motion for a mistrial, trial counsel explained he did not object during trial because he did not want to express the inflammatory and prejudicial nature of the recording in front of the jury.[44] He instead chose to reserve his objection for sidebar.[45] We agree with Judge Caracappa's finding that trial counsel's decision not to object "could be considered a sound trial strategy."[46]

Judge Caracappa also found Mr. Latham failed to demonstrate trial counsel's conduct prejudiced the defense.[47] To establish prejudice, Mr. Latham must show "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."[48] As Judge Caracappa aptly notes, the Commonwealth presented "overwhelming" evidence against Mr. Latham at trial.[49] Numerous individuals – at least three other participants in the robbery, a DNA analyst, two members of the Chae family, and Mr. Latham himself - testified about Mr. Latham's involvement with the charged crimes.[50] Judge Caracappa found, as we do, the outcome of Mr. Latham's trial would not have been different if trial counsel objected to the 911 recording.[51]

Since Mr. Latham failed to prove the underlying ineffective assistance of trial counsel claim, his procedural default is not excused by *Martinez*. We agree with Judge Caracappa's recommendation and dismiss Mr. Latham's claim of ineffective assistance of counsel as procedurally defaulted.

**B.      The state court correctly found no merit in the alleged *Brady* violation.**

Mr. Latham's final claim for relief alleges the Commonwealth committed a *Brady* violation by failing to turn over oral statements made by co-defendant Karre Pitts in an off-the-record proffer during plea negotiations.[52] Mr. Pitts implicated himself and Mr. Latham in the Chae residence robbery.[53] The Commonwealth believed Mr. Pitts failed to provide information it did not already possess, so the parties did not negotiate a plea agreement and the Commonwealth did not reduce the plea discussions to a statement.[54] The court tried Mr. Pitts, Mr. Latham, and Joseph Page jointly; the jury found Mr. Pitts not guilty, but found Mr. Latham and Mr. Page guilty.[55] Mr. Latham argues if Mr. Pitts' statements had been introduced, the jury could have found Mr. Pitts guilty instead of Mr. Latham.[56] The Commonwealth argues the state court reasonably concluded this claim lacks any merit.[57] Judge Caracappa agrees with the state court's analysis.[58] We do too.

To succeed on a *Brady* claim, Mr. Latham must demonstrate the allegedly withheld statements (1) were suppressed by the state, either willfully or inadvertently; (2) are favorable to the accused, either because they are exculpatory or impeaching; and (3) are material to the outcome of the case.[59] Judge Rogers reviewed Mr. Latham's claim at length and found it to be meritless because Mr. Latham failed to demonstrate all three *Brady* elements.[60] On appeal, the Superior Court "agree[d] with the sound reasoning of the trial court and adopt[ed] its reasoning."[61] Judge Caracappa analyzed Judge Rogers' decision and found he accurately and reasonably applied the standard outlined in *Brady*.[62] We agree.

Judge Rogers first found Mr. Latham failed to demonstrate the Commonwealth suppressed any admissible evidence.[63] Mr. Pitts made these statements during off-the-record plea negotiations in which the parties agreed "no notes would be taken and nothing would be used

6

against [Pitts]."⁶⁴ Since the plea negotiations failed, the Commonwealth never took a statement.⁶⁵ Judge Rogers also found Mr. Latham failed to prove Mr. Pitts' statements are favorable to Mr. Latham or material to the outcome of the case.⁶⁶ He instead found the statements to further implicate Mr. Latham in the Chae home robbery.⁶⁷ As explained above, the Commonwealth presented a substantial amount of evidence against Mr. Latham at trial. The statements Mr. Latham complains about now would have only served to strengthen the case against him.

We agree with Judge Rogers' application of the *Brady* standard to Mr. Pitts' statements and find Mr. Latham failed to demonstrate the Commonwealth committed a *Brady* violation. We deny Mr. Latham's claim as meritless.

### C. We deny a certificate of appealability.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition."⁶⁸ An appeal may not be taken unless this Court issues a certificate of appealability.⁶⁹ A petitioner seeking a certificate of appealability "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"⁷⁰ A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his case or that the issues presented were adequate to deserve encouragement to proceed further."⁷¹ Given the standard we apply to habeas challenges to ineffectiveness of counsel and alleged *Brady* violations, we cannot find jurists of reason could disagree with our reasoning in denying Mr. Latham's petition.

### III. Conclusion

We approve and adopt Judge Caracappa's Report and Recommendation and dismiss Mr. Latham's petition for habeas relief. We agree the claim for ineffective assistance of trial counsel

7

is procedurally defaulted and the claim regarding an alleged *Brady* violation is meritless; we must dismiss both claims. We find no basis for a certificate of appealability.

---

[1] ECF Doc. No. 8, Notes of Testimony ("N.T.") January 12, 2010 Trial at 40, 90-95, N.T. January 25, 2010 Trial at 101, 103, 199-200.

[2] *Id.*, N.T. January 13, 2010 Trial at 83-84.

[3] *Id.*, N.T. January 25, 2010 Trial at 148-56.

[4] *Id.*, N.T. January 21, 2010 Trial at 152-55, 157-60, 200-01.

[5] *Id.*, N.T. January 14, 2010 Trial at 15-17, 216-17.

[6] *Id.*, N.T. January 13, 2010 Trial at 126-27, 129, 133.

[7] *Id.*, N.T. January 14, 2010 Trial at 21.

[8] *Id.*, N.T. January 20, 2010 Trial at 60-62, N.T. January 19, 2010 Trial at 28, 44-47, 51-60, 72-75, N.T. January 21, 2010 Trial at 20-21, 26-27, 33, 35-37, 39-40, 43-45, 50-51.

[9] *Id.*, Police Crim. Compl., Feb. 4, 2009, at 2-4.

[10] *Id.*, N.T. January 14, 2010 Trial at 52-132, 191-208, 133-35.

[11] *Id.*, N.T. January 22, 2010 Trial at 109, 116-17, 122, 128, 131-35.

[12] *Id.*, N.T. January 27, 2010 Trial at 68-70, 100.

[13] *Id.*, Sentencing Hr'g, Apr. 27, 2010 at 3.

[14] *Id.*, N.T. January 26, 2010 Trial at 5-18.

[15] *Id.*, N.T. January 26, 2010 Trial at 18, Trial Ct. Op. at 65-66.

[16] *Id.*, Sentencing Hr'g, Apr. 27, 2010 at 30-32.

[17] *Commonwealth v. Latham*, No. 2702 EDA 2010, 2014 WL 10979805, at *1 (Pa. Super. Ct. Mar. 17, 2014).

[18] *Id.*

[19] *Id.* at *38, *petition denied*, 99 A.3d 924 (Pa. 2014)

---

[20] ECF Doc. No. 8, Post-Conviction Relief Act Pet., January 12, 2015, at 3, 5, 7.

[21] *Commonwealth v. Latham,* No. 3122 EDA 2016, 2019 WL 180191, at *4 (Pa. Super. Ct. Jan. 14, 2019).

[22] *Id.*

[23] *Id.*

[24] ECF Doc. No. 1 at 7.

[25] *Id.* at 6-8.

[26] ECF Doc. No. 3.

[27] 373 U.S. 83, 86 (1963); ECF Doc. No. 12.

[28] ECF Doc. No. 13.

[29] ECF Doc. No. 24.

[30] *Martinez v. Ryan*, 566 U.S. 1, 7-12 (2012).

[31] ECF Doc. No. 25 at 7.

[32] ECF Doc. No. 1 at 9.

[33] As Judge Caracappa found, "a petitioner must exhaust his federal constitutional claims in state court before raising them in a federal habeas petition." ECF Doc. No. 25 at 14 (citing 28 U.S.C. § 2254(b)(1)).

[34] ECF Doc. No. 1 at 9-10.

[35] ECF Doc. No. 25 at 15 (quoting *Martinez*, 566 U.S. at 9).

[36] *Martinez*, 566 U.S. at 9.

[37] *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 376 (3d Cir. 2018) (quoting *Cox v. Horn*, 757 F.3d 113, 124) (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14)).

[38] ECF Doc. No. 25 at 15-21.

[39] 466 U.S. 668 (1984).

[40] ECF Doc. No. 25 at 18-21.

[41] *Strickland*, 466 U.S. at 687.

[42] ECF Doc. No. 25 at 18-21.

[43] *Id.* at 18-19.

[44] ECF Doc. No. 8, N.T. January 26, 2010 Trial at 10.

[45] *Id.*

[46] ECF Doc. No. 25 at 19.

[47] *Id.* at 19-21.

[48] *Strickland*, 466 U.S. at 687.

[49] ECF Doc. No. 25 at 19-21.

[50] ECF Doc. No. 8, Trial Ct. Op. at 13-15.

[51] ECF Doc. No. 25 at 21.

[52] ECF Doc. Nos. 11 and 12.

[53] ECF Doc. No. 8, N.T. Arg. on Post Sentence Mots., August 2, 2010 at 23.

[54] *Id.*

[55] *Id.* at 43.

[56] ECF Doc. No. 12 at 2-3.

[57] ECF Doc. No. 24 at 47-64.

[58] ECF Doc. No. 25 at 26-30.

[59] *Id.* at 27 (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

[60] ECF Doc. No. 8, Trial Ct. Op. at 43-52.

[61] *Latham*, 2014 WL 10979805, at *2.

[62] ECF Doc. No. 25 at 26-30.

[63] ECF Doc. No. 8, Trial Ct. Op. at 49.

---

[64] *Id.*, N.T. Arg. on Post Sentence Mots., August 2, 2010 at 23.

[65] *Id.*, Trial Ct. Op. at 49.
[66] *Id.* at 49-52.

[67] *Id.*

[68] *Miller-El v. Cockrell*, 537 U.S. 322, 335-37 (2003) (citing 28 U.S.C. § 2253).

[69] *Id.* at 335-36 (citing 28 U.S.C. § 2253(c)(1)).

[70] *Id.* at 327 (citing 28 U.S.C. § 2253(c)(2)).

[71] *Id.* at 323 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).